UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
SEP 24 2010
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KELSEY BOEHM, )
 )
    Plaintiff, )
 )
vs. ) Case No.
 )
STEPHEN CHROMIK, In His Individual ) JURY DEMAND
Capacity, KENNETH MAURER, In His Individual )
Capacity and METAMORA TOWNSHIP )
HIGH SCHOOL DISTRICT 122, )
 )
    Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, KELSEY BOEHM, by Law Office of Jeff Green, P.C., one of her attorneys, and complaining of the Defendants, STEPHEN CHROMIK, KENNETH MAURER and METAMORA TOWNSHIP HIGH SCHOOL DISTRICT NO. 122, for a claim of relief:

### I.
### Jurisdiction & Venue

1. Jurisdiction to hear on Plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (a) is founded under 42 U.S.C. § 1343 (c), 28 U.S.C. § 1331. Venue exits under 28 U.S.C. § 1391.

2. The Plaintiff was born on September 25, 1991 and presently resides in Tazewell County, Illinois. The claim arose in Tazewell County, Illinois which is among the counties comprising the Central District of Illinois, 28 U.S.C. § 93 (b).

3. The multiple occurrences complained of occurred on and around July 1, 2008 in the County of Tazewell and the County of Peoria, in the State of Illinois.

## II.
## The Parties

4. The Plaintiff is a female. She was a 16 year-old Sophomore student at Metamora Township High School during the 2007-2008 academic years.

5. The Defendant, Stephen Chromik, was a male Family and Consumer Science Teacher and Assistant Varsity Girls Soccer Coach at Metamora Township High School employed by the Metamora Township High School District No. 122. At all times material, he was acting under color of state law. He is sued in his individual capacity.

6. The Defendant, Kenneth Mauer, was Superintendent at Metamora Highs School District #122 and was responsible for the management of the school district, including hiring and review of faculty, including co-defendant, Stephen Chromik. At all times material, he was acting under color of State law. He is sued in his individual capacity.

7. The Defendant, Metamora Township High School District No. 122 ("Metamora School District") is an educational institution organized and existing under the laws of the State of Illinois which operates a school system including Metamora Township High School in Metamora, Illinois. The Superintendent, Kenneth Maurer, is the chief officer responsible for management of the School District, including hiring and review of faculty, subject to oversight from the School Board. The Principal of Metamora High School is chief officer responsible for management for the High School. As a part of its operation as an educational institution, the Metamora School District annually receives federal funds under aid to education programs and activities and is subject to the anti-discrimination provision of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681.

### III.
### The Conduct Complained Of

8. Defendant Stephen Chromik applied for a position with Metamora Township High School in the spring of 2006.

9. Defendant, Superintendant Kenneth Maurer was in charge of the hiring and interviewing process at that time and had direct interactions with Defendant Stephen Chromik.

10. During the interviewing and hiring process, Superintendant, Kenneth Mauer told Defendant Stephen Chromik that Chromik would have to go through fingerprinting and police background checks.

11. At that time, Defendant Stephen Chromik informed Superintendant, Kenneth Maurer about an incident that occurred in Davidson County, Tennessee where Stephen Chromik was charged with attempted rape in relation to an incident with a female Vanderbilt University student. Stephen Chromik informed Superintendant Maurer that he pled guilty to a charge of aggravated sexual assault.

12. At the time of his guilty plea in 2005, Stephen Chromik was put on probation for five (5) years beginning in 2005.

13. Co-Defendant, Superintendant Kenneth Maurer performed a background check on Stephen Chromik and that background check indicated the aforementioned charges and a guilty plea to aggravated sexual assault.

14. After the aforementioned occurred in the interviewing process, Defendant Stephen Chromik requested he be allowed to write letters and provide character references to the members of the Metamora school district school board.

15. Despite actual knowledge of Stephen Chromik's previous charge of attempted rape and guilty plea to aggravated sexual assault, Superintendant Kenneth Maurer recommended

to the school board Stephen Chromik be hired as a faculty member of Metamora township High School.

16. Despite actual knowledge of Stephen Chromik's previous criminal charge of attempted rape and guilty plea to criminal sexual assault, the Metamora School Board voted 4-2 to accept Kenneth Maurer's recommendation to hire Stephen Chromik.

17. The charge that Stephen Chromik pled guilty to in Tennessee was considered a felony by the state of Tennessee at that time.

18. Plaintiff was a female student at Metamora Township High School in the year 2007-2008 who was enrolled in classes under the supervision of Defendant, Stephen Chromik.

19. Plaintiff was female student who played varsity soccer in the 2007-2008 school year under the supervision of the Defendant, Stephen Chromik.

20. During Plaintiff's student contacts with the individual Defendant, Plaintiff was repeatedly subjected to unwelcome sexual advances and harassment from the male Defendant, Stephen Chromik.

21. Plaintiff is a female and Defendant Stephen Chromik, is a male. The unwanted advances to Plaintiff by Defendant, Stephen Chromik, were based upon sex.

22. Defendant, Kenneth Maurer, was in charge of hiring and supervision of teachers and coaches at Metamora Township High School, including Defendant, Stephen Chromik.

23. Despite actual knowledge of the risk of sexual harassment of female students by Defendant, Stephen Chromik, the Defendant, Metamora School District, acting through its Superintendent, Principal, and School Board made no effort to prevent sexual harassment of female students by Defendant, Stephen Chromik.

24. The Defendant, Metamora School District, acting through its supervisory employees knew or was deliberately indifferent to the risk that Defendant, Stephen Chromik, was sexually harassing female students. Despite this actual knowledge of the risk of sexual harassment of female students by Defendant, Stephen Chromik, the Metamora School District acting through its supervisory employees made no effort to prevent sexual harassment of female students by Defendant, Stephen Chromik.

25. The Defendant, Metamora School District, not only made no effort to prevent sexual harassment of female students by Stephen Chromik, but facilitated such conduct by appointing him Assistant Varsity Girls Soccer Coach.

## IV.
## Plaintiff's Claims for Relief

A. <u>Section 1983 Claim against Stephen Chromik, Kenneth Maurer, and Metamora Township High School District 122</u>

26. At all times material, there was in full force and effect in the United States of America, a certain statute, known as the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provided:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subject, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding or redress…

27. At all times material there was in full force and effect in the United States of America, a certain provision of the Constitution of the United States, the Fourteenth Amendment to which provided:

> Section I.   … No State shall … … deny to any person within its jurisdiction the equal protection of the laws.

28. Defendant, Stephen Chromik, while acting under color of state law, did deny Plaintiff her right to equal protection of the laws by discriminating against her in her student capacity at Metamora Township High school on the basis of her sex by his sexual harassment of Plaintiff.

29. Defendant, Kenneth Maurer, while acting under color of state law knew or was deliberately indifferent to the risk that Defendant, Stephen Chromik, would sexually harass and/or sexually abuse female students and did deny Plaintiff her rights to equal protection of the laws by discriminating against Plaintiff on the basis of her sex by making no effort to prevent the sexual harassment of Plaintiff by Defendant, Stephen Chromik.

30. Defendant, Metamora School District, while acting under the color of State law, knew and was deliberately indifferent to the risk that Defendant Stephen Chromik would sexually harass and/or sexually abuse female students and denied Plaintiff her rights to equal protection of the laws by discriminating against Plaintiff on the basis of her sex by hiring and placing Stephen Chromik and making no effort to prevent sexual harassment of Plaintiff by Defendant, Stephen Chromik.

31. Defendant, Kenneth Maurer, while acting under the color of State law, facilitated and turned a blind eye to the sexual harassment and abuse that occurred to the Plaintiff by hiring Stephen Chromik and placing him in a position of trust as Assistant Varsity Girls Soccer Coach despite actual knowledge that Stephen Chromik was previously charged with attempted rape of a female college student and that Stephen Chromik pled guilty to aggravated criminal sexual assault.

32. Defendant, Metamora School District, while acting under the color of State law, facilitated and turned a blind eye to the sexual harassment and abuse that occurred to the Plaintiff

by hiring Stephen Chromik and placing him in a position of trust as Assistant Varsity Girls Soccer Coach despite actual knowledge that Stephen Chromik was previously charged with attempted rape of a female college student and plead guilty to aggravated criminal sexual assault.

33. Defendants Kenneth Maurer and Metamora School district were both aware that Stephen Chromik's previous sexual charge and guilty plea were in relation to a female college student yet despite this allowed him to serve as Assistant Varsity Girls Soccer Coach.

34. By hiring Stephen Chromik and placing him in positions of Consumer Science teacher and Assistant Girls Varsity Soccer Coach, the Defendants promoted, facilitated, and encouraged the circumstances under which the plaintiff was subjected to sexual harassment and abuse.

35. Defendant, Metamora School District created risk of harm to its female students by hiring Stephen Chromik and exacerbated that existing risk by allowing him to be Assistant Varsity Girls Soccer Coach.

36. Defendant, Kenneth Maurer had actual knowledge of Stephen Chromik's previous sexual charges and conviction during the time which he was interviewed for a teaching position with Metamora Township High School and Kenneth Maurer affirmatively acted in recommending Stephen Chromik still be hired despite this knowledge.

37. Defendant, Metamora School District had actual knowledge of Stephen Chromik's previous sexual charges and conviction during the time he was interviewed for a teaching position with Metamora Township High School and affirmatively acted in voting 4 to 2 to hire Stephen Chromik despite actual knowledge of his previous criminal charge of attempted rape and his guilty plea to aggravated criminal sexual assault.

38. Furthermore, Defendant Kenneth Maurer actively facilitated and encouraged Stephen Chromik's placement at the Metamora Township High School by providing recommendation letters, character references and providing those to the school board prior to a vote despite the knowledge of Chromik's previous sexual charge and conviction.

39. Defendant, Metamora School District actively facilitated Stephen Chromik's placement in that they voted in favor of hiring him after reviewing recommendation letters and character references after learning of Stephen Chromik's prior sexual charges and conviction.

B.  **Title IX Claim Against Metamora School Distract**

40. At all times material, there was in full force and effect in the United States a certain statute known as Title IX of the Education Amendments of 1972, which provides:

> No person in the United States shall, on the basis of sex, be excluded for participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, ...
> 20 U.S.C. § 1681 (a)

41. Agents and employees of the Defendant, Metamora School District, at the Metamora Township High School knew of the risk of sexual harassment of female students by Defendant, Stephen Chromik, but did nothing to prevent the sexual harassment of Plaintiff by Defendant Stephen Chromik.

42. Despite such notice of Defendant's conduct, the agents of Defendant, Metamora School District were deliberately indifferent to the sexual harassment and risk thereof of Plaintiff and other students at Metamora Township High School.

C. **Negligent Hiring Against Metamora School District**

43. Defendant, Metamora School District owes a duty to its students to provide and employ appropriate educational services and competent teachers and counselors and to safeguard its students from harmful conduct that might be undertaken by its teachers and faculty.

44. The Defendant, Metamora School District breached these duties by hiring and placing Stephen Chromik despite actual knowledge of his previous inappropriate sexual behavior, the charge of attempted rape, and the guilty plea to criminal sexual assault which Stephen Chromik was still on probation for at the time he was hired by Defendant Metamora School District.

45. Defendant, Metamora School District failed to adequately supervise and monitor Stephen Chromik with underage female students, especially in light of his previous inappropriate sexual behavior and conviction.

46. Defendant Metamora School District allowed Stephen Chromik to abuse his position of authority through the course of sexual harassment and abuse of the Plaintiff.

47. That in hiring Stephen Chromik while having actual notice of his previous sexual charges and conviction which involved a female college student Defendant, Metamora School District acted with conscious disregard for the welfare of Metamora Township High Schools female students including Plaintiff.

48. That at the time of Stephen Chromik's recommendation for hire and actual hiring, Metamora School District had unique knowledge and knew or should have known that Stephen Chromik posed a particular threat to female students.

49. Defendant Kenneth Maurer and the Metamora School District were aware of the previous charges of inappropriate sexual conduct of Stephen Chromik before Chromik's hiring and placement.

50. Despite this knowledge the Board acted affirmatively to hire him despite this knowledge.

51. As a result of the aforementioned conduct of Kenneth Maurer and Metamora School District, Stephen Chromik engaged in sexual harassment and an inappropriate relationship with the Plaintiff who at that time was 16 years old and was a student of Metamora Township High School at all times pertinent to this complaint.

52. The previously alleged conduct on the part of Metamora School District indicates an utter indifference to and conscious disregard for the welfare of the Plaintiff and fellow female students.

53. Wherefore, Metamora School District acted in a willful and wanton manner in the hiring of the Defendant, Stephen Chromik as a teacher and further acted in a willful and wanton manner by his placement and retention as an Assistant Girls Varsity Soccer Coach.

D. **Willful and wanton hiring against Metamora School District**

54. Defendant, Metamora School District owes a duty to its students to provide and employ appropriate educational services and competent teachers and counselors and to safeguard its students from harmful conduct that might be undertaken by its teachers and faculty.

55. The Defendant, Metamora School District breached these duties by hiring and placing Stephen Chromik despite actual knowledge of his previous inappropriate sexual behavior, the charge of attempted rape, and the guilty plea to criminal sexual assault which Stephen Chromik was still on probation for at the time he was hired by Defendant Metamora School District.

56. Defendant, Metamora School District failed to adequately supervise and monitor Stephen Chromik with underage female students, especially in light of his previous inappropriate sexual behavior and conviction.

57. Defendant Metamora School District allowed Stephen Chromik to abuse his position of authority through the course of sexual harassment and abuse of the Plaintiff.

58. That in hiring Stephen Chromik while having actual notice of his previous sexual charges and conviction which involved a female college student Defendant, Metamora School District acted with conscious disregard for the welfare of Metamora Township High Schools female students including Plaintiff.

59. That at the time of Stephen Chromik's recommendation for hire and actual hiring, Metamora School District had unique knowledge and knew or should have known that Stephen Chromik posed a particular threat to female students.

60. Defendant Kenneth Maurer and the Metamora School District were aware of the previous charges of inappropriate sexual conduct of Stephen Chromik before Chromik's hiring and placement.

61. Despite this knowledge the Board acted affirmatively to hire him despite this knowledge.

62. As a result of the aforementioned conduct of Kenneth Maurer and Metamora School District, Stephen Chromik engaged in sexual harassment and an inappropriate relationship with the Plaintiff who at that time was 16 years old and was a student of Metamora Township High School at all times pertinent to this complaint.

63. The previously alleged conduct on the part of Metamora School District indicates an utter indifference to and conscious disregard for the welfare of the Plaintiff and fellow female students.

64. Wherefore, Metamora School District acted in a willful and wanton manner in the hiring of the Defendant, Stephen Chromik as a teacher and further acted in a willful and wanton manner by his placement and retention as an Assistant Girls Varsity Soccer Coach.

### E. Battery against Defendant, Stephen Chromik

65. That the Plaintiff, Kelsey Boehm was injured and sexually harassed when the Defendant, Stephen Chromik physically touched, groped, and/or molested the Plaintiff.

66. Defendant, Stephen Chromik is guilty of committing physical battery against the Plaintiff by sexually harassing and inappropriately touching the Plaintiff.

67. As a direct and proximate result of one or more of the aforesaid incidents and acts by Stephen Chromik, the Plaintiff, Kelsey Boehm was then and there injured and did suffer, and has suffered pain and suffering including mental distress for which she has become liable for various sums for counseling and medical treatment as result of the aforementioned battery.

## V.
## Plaintiff's Damages

68. As a direct and proximate result of the foregoing sexual harassment of the Defendant, Stephen Chromik, and the deliberate indifference of Defendant, Kenneth Maurer, and Metamora School District, to the risk of sexual harassment of female students by Defendant, Stephen Chromik, Plaintiff suffered damages including severe mental distress; such mental distress has in the past and will in the future require counseling and psychological treatment; further, Plaintiff has been disabled in that she was prevented from achieving the academic and athletic performance she had before encountering the conduct.

69. The conduct of the Defendant, Stephen Chromik, is such that for the purpose of punishment, Plaintiff is entitled to an award of punitive damages.

70. Plaintiff has and will in the future incur attorney's fees and expenses in prosecuting this action for which she is entitled to an award as a part of costs under 42 U.S.C. § 1988.

WHEREFORE, PLAINTIFF, KELSEY BOEHM, prays for judgment in the following against the Defendants.

1. A judgment for compensatory damages in the amount of ONE MILLION ($1,000,000.00) against the Defendants, STEPHEN CHROMIK, KENNETH MAURER, and METAMORA TOWNSHIP HIGH SCHOOL DISTRICT NO. 122.

2. A judgment for punitive damages in the amount of TWO HUNDRED THOUSAND ($250,000.00) against the Defendant, STEPHEN CHROMIK.

3. An award of Plaintiff's reasonable attorney's fees and expenses incurred in prosecuting this action as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

KELSEY BOEHM, Plaintiff

JEFF GREEN, Lead Counsel
One of Her Attorneys

Jeff Green #6275034
Lead Counsel
LAW OFFICE OF JEFF GREEN, P.C.
432 N. Main Street
East Peoria, Illinois 61611
Tel: 309-699-0111
Fax: 309-699-4693
E-mail: jgreen@jeffgreenlaw.com

Jeffrey Hall #6286316
THE HOW LAW FIRM
432 N. Main Street
East Peoria, Illinois 61611
Tel: 309-699-4691
Fax: 309-699-4693
E-mail: Jeff.Hall@howlawfirm.com