UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELSEY BOEHM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-01290 |
| | ) |
| **STEVEN CHROMIK (in his individual** | ) |
| **capacity, KENNETH MAURER (in his** | ) |
| **individual capacity), METAMORA** | ) |
| **TOWNSHIP HIGH SCHOOL** | ) |
| **DISTRICT 122,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court are Defendant Kenneth Maurer's ("Maurer") Motion to Dismiss [#4] and Defendant Metamora Township High School District 122's ("Metamora") Motion to Dismiss [#5], both pursuant to Federal Rule of Procedure 12(b)(6). For the reasons set for below, Defendant Maurer's Motion [#4] is DENIED, and Defendant Metamora's Motion [#5] is DENIED IN PART and GRANTED IN PART. Plaintiff is afforded the opportunity to file and amended complaint consistent with this Order within 14 days, on March 11, 2011.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

1

**BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Kelsey Boehm ("Boehm") filed her Complaint [#1] against Defendants Stephen Chromik ("Chromik"), Maurer, and Metamora with this Court on September 24, 2010. At the time of the alleged occurrences, Boehm was a 16 year-old sophomore student at Metamora during the 2007-2008 academic year. At that same time, Defendant Chromik was a Family and Consumer Science Teacher and Assistant Varsity Girls Soccer Coach at Metamora, and Defendant Maurer was the Superintendent at Metamora.

Chromik applied for a faculty position with Metamora in spring of 2006. At his interview with Maurer, Chromik disclosed that he was charged with attempted rape of a female Vanderbilt University Student. Chromik also informed Maurer that he pled guilty to a charge of aggravated sexual assault in that case in 2005. At that time Chromik was on probation for a term of five years beginning in 2005. Maurer performed a background check on Chromik and verified this information. Maurer recommended Chromik for employment, and his recommendation was supported by the Metamora School Board. Chromik began teaching at Metamora in fall of 2007 and was also asked to be the Assistant Girls Varsity Soccer Coach for the 2007-2008 academic year.

During the 2007-2008 academic year, Boehm was enrolled in classes taught by Chromik. Boehm was also playing on the varsity soccer team under Chromik's supervision. During her enrollment and participation, Boehm was allegedly "repeatedly subjected to unwelcome sexual advances and harassment from [Chromik]." (#1, ¶20). Chromik also allegedly "physically

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

touched, groped and/or molested [Boehm]." (#1, ¶65).

On September 24, 2010, Boehm filed a complaint against Defendants Chromik, Maurer, and Metamora seeking compensatory and punitive damages totalling $500,000. In her Complaint, Boehm alleges a section 1983 claim against Defendants Chromik, Maurer, and Metamora. Boehm also alleges the following claims against Metamora: (1) violation of Title IX, and (2) negligent hiring. Bush finally alleges a count of battery against Defendant Chromik. Defendants Maurer and Metamora have now moved to dismiss the counts against them. Plaintiff has filed her response [#8], and this Order follows.

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). In other words, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.* 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

In a motion to dismiss, a complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994);

3

*Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**I.     Motion to Dismiss [#4] filed by Maurer (Section 1983 Claim)**

In order to establish a cause of action against a supervisor in his individual capacity, a plaintiff must allege that the defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). In order to do so, the plaintiff must sufficiently plead that (1) that the Constitutional deprivation occurred at his direction, or (2) with his knowledge and consent. *Id.* That is, the supervisor must know about the conduct and "facilitate it, approve it, condone it, or turn a blind eye." *Hildebrant v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry*, 65 F.3d at 561).

Plaintiff has sufficiently pled that Maurer knew about Chromik's prior conduct and history of sexual abuse allegations, specifically Chromik's guilty plea to criminal sexual assault less than one year before his hiring. Construing the facts in the light most favorable to Plaintiff, these allegations are sufficient to plead that Maurer was "on notice" of the threat of deprivations of constitutional rights that Chromik posed to female students and turned a blind eye to this potential threat by supporting Chromik's employment. *Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983).

Defendant Maurer also seeks to dismiss a claim against him in his official capacity. As Maurer is only sued in his individual capacity, as referenced in the caption in the Complaint, this argument is seemingly without merit. However, paragraph 29 of Plaintiff's Complaint [#1] does

4

make mention of Maurer's "deliberate indifference," which could form the basis for an official capacity claim. As this allegation goes to Maurer's potential liability in his official capacity, and such a claim would be duplicative of the claims pled against Defendant Metamora, this allegation should be amended or stricken. *See Walker v. Sheahan*, 526 F.3d 973 (7 Cir. 2008) (finding that claims brought under section 1983 against individual defendants in their official capacities are treated as suits brought against the entity itself). Thus, to the extent that any allegation implicates Maurer in his official capacity, these allegations should be dismissed.

**II.     Motion to Dismiss [#5] filed by Metamora (Section 1983, Title IX, and Negligent Hiring Claims)**

Plaintiff first asserts a claim against Metamora under section 1983. In order to sufficiently plead a cause of action against a school district, a plaintiff must allege that her injury was caused by (1) an express policy; (2) a widespread practice that, although not authorized by written law, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *T.G. ex rel. Mr. & Mrs. T.G. v. Midland School Dist. 7*, 2010 WL 4236802, *5 (C.D. Ill. 2010).

Plaintiff does not expressly plead any of these three potential bases for liability in her Complaint. Plaintiff, in her response to Defendant's Motion to Dismiss, argues that Metamora "undertook in developing an express policy in hiring Chromik." [#10, p.3]. This argument does not support the claim that Metamora had an express policy in place that, when it was enforced, caused the constitutional deprivation allegedly suffered by Plaintiff. Plaintiff also does not allege or argue that Metamora engaged in a widespread practice of hiring perpetrators of sexual

5

crimes.

While Plaintiff does not specifically allege that Metamora was a final policymaking entity in the decision to hire Chromik, Plaintiff does state that Metamora had the final voting power to approve Chromik's appointment. [¶16, #1]. While Defendant argues that the Illinois School Code does not delegate final policymaking authority to the School District with respect to personnel decisions, the Illinois School Code does state that any personnel decisions made by a superintendent is under the direction of the School District's Board of Education. *See* 105 ILCS 5/10-21.4; 105 ILCS 5/10/16.7; *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). As such, Plaintiff has met its threshold burden in order to plead a claim for relief against Defendant Metamora.

Second, Plaintiff alleges that Metamora violated Title IX of the Educational Amendments of 1972. In order to sufficiently plead a prima facie case under Title IX, the plaintiff must allege that (1) she was subjected to unwanted harassment; (2) the harassment was based on her sex; and (3) the harassment was sufficiently severe or pervasive to create a hostile or abusive atmosphere. *Lucero v. Nettle Creek School Corp.*, 566 F.3d 720, 731 (7th Cir. 2009). "When a claim for damages is based on the behavior of a teacher or of some other employee of the Title IX recipient, the plaintiff must prove that 'an official of the [defendant educational institution] who at a minimum has authority to institute corrective measures . . . has actual notice of, and is deliberately indifferent to, the teacher's misconduct.'" Delgado v. Stegall, 367 F.3d 668, 671 (7th Cir.2004), citing Gebser v. Lago Vista Independent School District, 524 U.S. 274, 277 (1998).

In her Complaint, Plaintiff alleges that Metamora had actual knowledge of Chromik's guilty plea to sexual assault and criminal charge of rape in the year before he applied to work for

Metamora as a teacher. [¶¶24-25, #1]. Plaintiff further alleges that Metamora was "deliberately indifferent" to the safety of its students by choosing to employ Chromik and allow him to coach the girls' soccer team. *Id.* While Plaintiff does not allege that Metamora had actual knowledge of complaints filed against Chromik while he was employed by Metamora, actual knowledge of his prior alleged conduct could form the basis for a Title IX suit. *Doe 20 v. Board of Educ. of Community Unit School Dist. No. 5*, 680 F.Supp.2d 957, 970-71 (C.D. Ill. 2010). Thus, a plausible inference arises that Metamora knew that Chromik was guilty of sexual assault the year before he sought employment and that he posed the same risk the next year.

Plaintiff also asserts one claim against Metamora under the state tort law principles of negligent hiring and a separate claim against Metamora for willful and wanton hiring. Under Illinois law, willful and wanton misconduct cannot form the basis of an independent and separate tort. *Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267, 274, 641 N.E.2d 402, 406 (1994) (citing cases). Willful and wanton conduct has, instead, been pled in order to establish the basis for punitive damages or a greater amount of compensatory damages. *Id.*, 161 Ill.2d at 276, 641 N.E.2d at 407. As such, plaintiffs are generally permitted to plead both ordinary negligence and willful and wanton conduct resulting from the same facts. *O'Brien v. Township High School Dist. 214*, 83 Ill.2d 462, 469-70, 415 N.E.2d 1015, 1018 (1980).

In this case, Plaintiff has pled a separate cause of action for both ordinary negligent hiring and willful and wanton hiring. While this form of pleading is impermissible under Illinois law, Plaintiff should be permitted to plead her allegations for willful and wanton misconduct under the same cause of action as her negligence count. As such, Defendant's Motion to Dismiss is granted as to this count; however, Plaintiff is afforded the opportunity to file an

7

amended complaint consistent with this Order within 14 days.

## CONCLUSION

For the reasons set for below, Defendant Maurer's Motion [#4] is GRANTED in part and DENIED in part, and Defendant Metamora's Motion [#5] is DENIED IN PART and GRANTED IN PART.  Plaintiff is directed to file an amended complaint consistent with this Order within 14 days, on March 11, 2011.  This matter is referred to the magistrate judge for further proceedings.

ENTERED this   25th   day of February, 2011.

                                                /s Michael M. Mihm

                                            Michael M. Mihm
                                            United States District Judge